UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULAZIZ ZAIN,

    Plaintiff,

v.

Case No. 08-10782

Hon. John Corbett O'Meara

MAERSK LINE, LTD, a foreign corporation,
MAERSK INC., a foreign corporation,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND DEFENDANTS' MOTION TO DISMISS

Before the court is Defendants' Motions to set aside the clerk's entry of default and to dismiss this complaint for failing to state a claim and lack of personal jurisdiction. Both motions were filed on April 8, 2008. The matters are fully briefed, and the court heard oral argument on July 10, 2008. For the reasons set forth below, the court GRANTS both motions.

### FACTUAL BACKGROUND

On or about February 5, 2007, Plaintiff Zain was working on the vessel, the Cpl. Louis J. Hauge, Jr. ("the Hauge"), in the Pacific Ocean when he hit his head on an unmarked, low hanging pipe and was knocked unconscious. Specifically, Plaintiff was assigned to clean an oil spill in a poorly lit starboard pipe tunnel. As he was cleaning, the floor became elevated. In the cramped space, Plaintiff hit his head on the pipe. Plaintiff further alleges that he was not given a hard hat or portable lighting. Doctors in Saipan diagnosed Plaintiff with a concussion and returned him to work; however, he continued to experience headaches an other medical issues. At Plaintiff's request, Defendant Maersk Line paid for Plaintiff's airfare to return to California where he was treated on February 15, 2007 for his injuries.

The claim is that Defendants' negligence caused Zain severe head and neck injuries for which he has sought treatment in Michigan. (Zain lives in Dearborn, Michigan.) Several other

things to note. Defendant Macrsk Line claims it does not do business in Michigan, has no vessels that call upon Michigan ports, does not have any resident agents in Michigan, and is a foreign corporation with its principle place of business in Norfolk, Virginia. On the other hand, Defendant Maersk, Inc. is a Michigan resident and is the parent corporation of Macrsk Line. Plaintiff alleges Maersk Inc. and Maesrsk Line are one in the same.

## LAW AND ANALYSIS

### A.  Motion to Set Aside Default

Fed. R. Civ. P. 55(c) states the following: "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." In United Coin Meter v. Seabord Coastline Railroad, 705 F.2d 839, 845 (6th Cir. 1983), the Sixth Circuit laid out a three-prong test to be applied in determining "good cause" for setting aside entry of default, pursuant to Fed. R. Civ. Pro. 55(c). The criteria are the following: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and, (3) whether culpable conduct by the defendant led to the default. Since this concerns entry of default and not a default judgment, the elements for relief are to be applied liberally, with a strong preference shown for entering judgment on the merits rather than a default. See Davey v. St. John Health 2007 WL 3037732 at *5 (E.D. Mich. 2007).[1]

First, it is unlikely Plaintiff will be prejudiced. At most, Plaintiff claims that its case was merely delayed, but he is unable to establish that the delay caused by Defendants would result in a loss of evidence or discovery difficulties. See Bertelsen v. Kane, 907 F.2d 617 (6th Cir. 1990). Second, Maersk, Inc. and Maersk Line have meritorious defenses that are plausible or "good at law." See Williams v. Meyer, 346 F.3d 607 (6th Cir. 2003). There is nothing in the record to suggest that Maersk, Inc. employed Plaintiff or that it owned or operated the vessel where the alleged injury occurred. As such, it can be reasonably argued that Plaintiff failed to state a claim. As for Maersk Line, it asserts that this court lacks personal jurisdiction, again a defense that is

---

[1] Plaintiff argues that Defendants must prove the default was a Rule 60(b) product of mistake, inadvertence, surprise, or excusable neglect before this court can consider the United Coin Meter factors. However, since this case concerns the entry of default and not a default judgment, the applicable rule is Fed. R. Civ. P. 55(c) and not Fed. R. Civ. P. 60(b).

plausible or "good at law." Finally, it does not appear that the default was caused by Defendants' culpable conduct. The conduct is culpable if the Defendants display an intent to thwart judicial proceedings or a reckless disregard for the effect of their actions on the judicial proceedings. Shepard Claims Service v. William Darrah & Associates, 796 F.2d 190, 194 (6th Cir. 1986). Both Defendants offer explanations that fall far short of such an intentional culpability. Maersk Line cites a clerical error by its registered agent that resulted in this delay. Maersk, Inc. mentions "some internal confusion" and a communication problems between it and its registered agent. Even if, in theory, this court were to decide that Plaintiff meets this third factor, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead." Id. For these reasons, the court GRANTS Defendants' motion to set aside the clerk's entry of default.

### B.     Motion to Dismiss

If personal jurisdiction exists in this matter, it does so through Michigan's long-arm statute. As relevant, Michigan's long-arm statute provides the following grounds for jurisdiction:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.  M.C.L. § 600.715(2).

In analyzing whether the Michigan long-arm statute reaches Defendants in this case, the court must proceed through the following analysis: (1) the defendant must purposefully avail himself of the privilege of acting in the form state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the act of the defendant or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Amway Corp. v. Kope Food Products, Inc., 840 F.Supp. 78, 80 (W.D. Mich. 1993).

1. **Defendant Maersk Line should be dismissed for lack of personal jurisdiction.**

It is clear from the facts that Maersk Line's contact with Michigan is insufficient to establish personal jurisdiction in this court. Maersk Line is a Delaware corporation with a principal place of business in Norfolk, Virgina. Maersk Line does not own property in Michigan, is not registered to do business in Michigan, does not have a registered agent in Michigan, and it does not sail in Michigan waters. Further, there is nothing to indicate that Maersk Line actively recruits Michigan sailors. Further, the accident and Plaintiff's initial care after the accident occurred in Saipan and California.

Plaintiff resorts to two arguments to establish personal jurisdiction. The first states that personal jurisdiction exists in Michigan based on Maersk Line's subsidiary/parent relationship with Maersk, Inc. which is a Michigan company. Although this is a contact with Michigan, it is not sufficient to establish personal jurisdiction. See Third National Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1090 (6th Cir. 1989); Nixon v. Celotex Corporation, 693 F.Supp. 547, 551 (W.D. Mich. 1988). Plaintiff cites Arthur v. Maersk, Inc. 434, F.3d 196 (3rd Cir. 2006) for the position that "at times" these defendants were "one and the same." The problem with this position is that Plaintiff fails to give evidence that the corporate structure as stated in Arthur, which took place some seven or eight years ago, is representative of the corporate structure pertinent to this litigation. Second, in Arthur, Maersk, Inc. admitted that although it did not own the vessel in which Arthur was injured, it was operating the vessel.

The unrebutted evidence in this case is that Defendant Maersk did not own or operate the vessel involved in Plaintiff's alleged injury and had no connection to the events and circumstances involved in this case.

The second assertion argues that Maersk Line's alleged failure to make maintenance and cure payments in Michigan subjects Maersk Line to Michigan jurisdiction. I fail to see how these payments in Michigan alone could establish personal jurisdiction. See Coats v. Penrod Drilling Corp., 5 F.3d 877, 884 (5th Cir. 1993); Stewart v. Luedtke Engineering Company, 2006 WL 334644 at *4 (N.D. Ca. 2006); Potts v. Cameron Offshore Boats, 401 F. Supp.2d 733, 737 (S.D. Tex. 2005); American Overseas Marine Corp. v. Patterson, 632 So.2d 1124, 1129-30 (Fla. App. 1994). To put it another way, under Plaintiff's theory, what would stop him from moving to Ohio, Idaho or some other jurisdiction so he could take advantage of more lenient case law. In a

sense, allowing personal jurisdiction based on Plaintiff's theory that maintenance and cure payments establishes minimal contacts would allow a form of forum shopping. As such, this court rejects Plaintiff's argument for personal jurisdiction.

### 2. Defendant Maersk, Inc. should be dismissed as an improper party.

Plaintiff makes several conclusory remarks regarding Maersk, Inc.'s connection to this case. Those include the statement that Maersk, Inc. owns the Hauge, and that it employed Plaintiff Zain. However, none of this is supported in Plaintiff's pleadings. On the other side, Maersk, Inc. provides a sworn affidavit from its Senior Director and Counsel of Risk and Claim Management that Maersk, Inc. does not own any ships, including the Hauge, and that it never employed Zain. Aside from that, the only other connection Maersk, Inc. has to this case is that it is the parent corporation for Maersk Line. However, it is settled law that parent companies generally cannot be held responsible for the acts of its subsidiaries. See United States v. Best Foods, 524 U.S. 51, 61 (1998). The exception to this rule is when it is evident that the subsidiary is merely an agent of the parent company. Id. At 61-62. There is nothing within the record that suggests an exception should apply in this instance.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to set aside the clerk's entry of default, filed on April 8, 2008, is GRANTED. IT IS FURTHER ORDERED that Defendant's motion to dismiss, filed on April 8, 2008, is GRANTED because Plaintiff has failed to state a claim in regards to Defendant Maersk, Inc. In regards to Defendant Maersk Line, the court lacks personal jurisdiction over this matter.

**SO ORDERED.**

United States District Judge

Date: July 30, 2008